UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Derek M. Cunningham,

        Petitioner,           Case Number: 2:22-cv-11641
                               Hon. George Caram Steeh

   v.

John Christiansen,

        Respondent.
_____/

**OPINION AND ORDER GRANTING
PETITIONER'S MOTION TO STAY (ECF NO. 14)
AND ADMINISTRATIVELY CLOSING THE CASE**

Petitioner Derek M. Cunningham has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree premeditated murder, Mich. Comp. Laws § 750.316; conspiracy to commit first-degree murder, Mich. Comp. Laws §§ 750.157a; 750.316, witness bribing, intimidating, or interfering, § 750.122; and conspiracy to commit witness bribing, intimidating, or interfering, Mich. Comp. Laws §§ 750.157a, 750.122. Now before the Court is Petitioner's motion to stay proceedings.

- 1 -

For the reasons set forth below, the Court will grant the motion to stay, hold the petition in abeyance, and stay the proceedings under the conditions set forth in this decision.

## I. Background

Petitioner was convicted by a jury in Wayne County Circuit Court.  His convictions were affirmed by the Michigan Court of Appeals.  *See People v. Cunningham*, No. 350961, 2021 WL 4395275 (Mich. Ct. App. Sept. 23, 2021).  The Michigan Supreme Court denied Petitioner leave to appeal.  *People v. Cunningham*, 509 Mich. 976 (Mich. May 3, 2022).

Petitioner then filed a petition for writ of habeas corpus raising five claims: (1) expert testimony regarding cellphones was improperly admitted and defense counsel was ineffective for failing to object; (2) defense counsel was ineffective for failing to impeach William Woods' testimony; (3) the prosecutor committed misconduct by repeatedly asking codefendant whether she had previously been convicted of a crime; (4) right of confrontation was violated; and (5) bad acts evidence was improperly admitted and counsel was ineffective for failing to object.

Petitioner has now filed a motion to stay this proceeding while he returns to state court to present unexhausted claims.

## II.  Discussion

A state prisoner seeking federal habeas relief must first exhaust available state court remedies before raising a claim in federal court. See 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To exhaust state court remedies, a claim must be fairly presented "to every level of the state courts in one full round."  *Ambrose v. Romanowski*, 621 F. App'x 808, 814 (6th Cir. 2015).

Petitioner seeks a stay to allow him to present a new, unexhausted claim in the state courts and to exhaust his third, fourth, and fifth claims.  A prisoner who has not yet exhausted state court remedies but is concerned that the applicable one-year statute of limitations will expire during the pendency of state-court collateral review proceedings may file a "'protective' petition in federal court and ask[ ] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v.*

*DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)).  A stay may be granted provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless."  *Rhines*, 544 U.S. at 278.

Petitioner seeks to raise a new claim that the prosecutor knowingly presented false evidence.[1]  This claim does not appear to be "plainly meritless."  Further, Petitioner's claim that ineffective assistance of trial and appellate counsel prevented him from presenting this claim on direct appeal may provide good cause under *Rhines*.  *See Wagner v. Smith*, 581 F.3d 410, 419, n.4 (6th Cir. 2009) (recognizing ineffective assistance of appellate counsel as "compelling reason" for failing to raise claims on state court direct review). Therefore, the Court will grant the motion and stay this case pending completion of state court proceedings.  The stay is conditioned on the requirements outlined below.  *Rhines*, 544 U.S. at 278 (explaining that when a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district

---

[1]  As noted, Petitioner also seeks a stay to exhaust his third through fifth claims based on Respondent's argument that those claims are procedurally defaulted.  Although the Michigan Court of Appeals held that these claims were not properly preserved for appellate review, the court of appeals reviewed them for plain error.  This renders it unlikely that the state courts will entertain the merits of these claims on collateral review.  The Court, therefore, bases its decision to grant a stay solely on Petitioner's new claim for relief.

court "should place reasonable time limits on a petitioner's trip to state court and back.").

## III.  Conclusion

The Court GRANTS Petitioner's motion to stay proceedings and hold petition in abeyance (ECF No. 14).

The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within sixty days of the filing date of this order, and returning to this Court, by filing a motion to reopen and an amended petition, using the same caption and case number included at the top of this Opinion, within sixty days of fully exhausting his state court remedies.  *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure for staying habeas proceeding pending exhaustion of state court remedies).  Should Petitioner fail to comply with any of these conditions, the petition may be dismissed.  *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (holding that dismissal of a habeas petition is appropriate where a petitioner has failed to comply with the terms of a stay).

IT IS FURTHER ORDERED that to avoid administrative difficulties, the Clerk of the Court shall CLOSE this case for statistical

purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

SO ORDERED.

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: April 8, 2024

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 8, 2024, by electronic and/or ordinary mail and also on Derek M. Cunningham #346937, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

s/Lashawn Saulsberry
Deputy Clerk